FILED Rec'vd
IN CLERK'S OFFICE
US DISTRICT COURT E.D N.Y. 12/23/13

★   DEC 1 8 2013   ★

**BROOKLYN OFFICE**

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
---------------------------------------X

EARL B.FEELINGS,
             Plaintiff,
                        :

                        :

     -against-
                        :

CITY OF NEW YORK,P.O.CARL CAPUTO,  :
P.O.DANIEL FAHEY,(In the Official/
Individual Compacity)Defendant(s). :

                        :
---------------------------------------X

"NOTICE OF MOTION: SECOND AMENDED-
   COMPLAINT.

Jury Trial Demanded

13.Civ.**6485(C.B.A.)**
        **(C.P.L.)**

TO:Hon.J.Cheryl L.Pollak,
      Courtroom#**538**, for
      The Eastern District of N.Y.

               #1.) I,PLaintiff,EARL B.FEELINGS,acting within

The scope of a Pro Se Compacity elects to file **upon this** Court an

Notice of Motion to"AMEND COMPLAINT" against the defendants **named**

In the above entitled caption,P.O.CARL CAPUTO & P.O.DANIEL FAHEY,

            #2.) "JURISDICTION & SUBJECT **VENUE MATTER**"

      This application proffers to inform the administrative

Jurist & Pro Se Clerk Office that said claim is being Amended

To adjust to the recent transitional change of venue into the

Eastern District of New York under Docket#13.Civ.6485      .

Plaintiff moves to present this claim for violation of the his

4th,8th, and 14th U.S.C.A. rights. The claim is predicated upon

A "False Arrest" & "Unlawful Imprisonment" in which the plaintiff

Was unlawfully held at the New York City Detention for 14½ Months.

#3.)    Pursuant to Federal Statute Provisions of 28 U.S.C. Section#1331 &

1332  The incident & claim arose under 42 U.S.C. Section#1983, As

Defendants did not have sufficient lawful cause or Probable Cause

To effect the unlawful arrest upon the plaintiff on 11/17/2009.

## "PARTIES TO CLAIM"

#4.)   Plaintiff,EARL B.FEELINGS,is the principal subject partie to this

Claim & matter. at all times remains as a relevant hereto was on

NOvember,17th,2009 subjected to an unlawful arrest by the defendant

Carl Caputo,of the N.Y.P.D. 109th Precint. and, P.O. DANiEL Fodey.

#5.)   Defendant Carl Caputo fail to carefully compose an intelligent and

Rationaleinvestigation of the information & details the plaintiff

Was explaining to him prior to the unlawful arrest.

Plaintiff EARL B.FEELINGS,arrest is the direct result of the Police

Officer illustration of deliberate indifference to carelessly

Subject the plaintiff to the unlawful arrest.

6.) Defendant Carl Caputo,had knowingly brought the plaintiff into the custody

Of the administrators of justice by filing an bogus criminal complaint

That     had fail to included substantial corroberating evidence that would

Have unequivocable elements of proof.


7.) Defendant Carl Caputo,had constructed the complaint along with the victim/

Complaintant and subjected the plaintiff to"False Imprisonment" by informing

The officer that she was a victim of an Bogus"Assault and Theft" which had

In fact never occured.Defendant Caputo fail to thoroughly investigate  the

Plaintiff verbal point of view that was at the moment overwhelmingly proven

With merit.Furthermore,P.O.Carl Caputo,never had contacted any medical Phs.

#8.) Personell Trained medical doctors who would have made an valid assesment

Of the complaintant alleged injuries she claimed to have received from

The PLaintiff,Mr.Feelings, Consequently thereafter ascertaining  from

The defendant Carl Caputo,While being cross examined at the plaintiff

Criminal Trial proceedings by the defense counsel,DEfendant Carl Caputo,

Stated he did not make any contact to medical authorities to ensure  the

Complaintant medical needs were addressed appropriately.

#9.) Subsequently,Complaintant was questioned at the trial whether she had

Reported her injury to any medical authoritie personell proffession? at

The time she claim to have been assaulted by plaintiff,Mr.Feelings,she

Stated in responce."No I did Not received any medical treatment,Nor did I

File an documented report to an medical agency or hospital.

10.) Defendant Detective DANEIL FAHEY,of the Queens County Robbery Task Unit

Had effected a felony criminal complaint report against the  plaintiff

Earl B.Feelings,for Penal Law violation 165.10"Grand Larceny"in the 4th

On November,17th,2009 at the 109th Precint in Flushing,New York,11375.


11.) Charging  the plaintiff with possesion of stolen Credit Cards and using

Them to allegedly benefit himself. Defendant Fahey,brought  plaintiff

Into the investigation upon suggestive profiling speculation that  was

Predicated from usage of the N.Y.P.D. On-Line Photo array system  data

Bank equivocably making an false nexuses of the plaintiff involvment of

The ongoing investigation without conducting an soundful and  intelligent

Skillful inquiry investigation of proven facts in graphic details.

12.) Also Noted in the complaintant testimony at the Plaintiff trial was the

Admission by the complaintant that she had returned back to work within

The same Hour of time she had reported the false complaint to defendant

Carl Caputo,after observing the plaintiff being placed under arrest for

"Assault" and "Theft".

13.) Furhtermore,the principal complaintant Mr.Richard Guitteriez,for the

Felony complaint offense of"Grand Larceny" fail to appear at the trial.

Nor did Mr.Richard Guitteriez,personally identify plaintiff as the person

Who stole property from him,in open Court or any time throughout the

Peoples investigation.

14.) Plaintiff,Mr.Feelings was in fact brought into the Police investigation

As a result of Defendant Detective Daneil Fahey,profiling the N.Y.P.D.

Photo array data bank system computer and selecting Mr.Feelings suggestively

Placed plaintiff into the investigation.

"COUNT ONE: 1"

"FAILURE TO COMPLY TO N.Y.P.D. STANDARD ARREST PROCEDURE" Defendant

CARL CAPUTO, and Defendant DANIEL FAHEY, nonetheless demostrated elements

Of intentional "Deliberate Indifferences" ,against the PLaintiff,Earl B.

Feelingsm in practical sequence Order,by failing to follow the New York

State statutory legislative requirement Guideline Protocol for exercising

Standard conduct to effect an arrest.

The procedure is an standard customary practice upon an public citzen

Or suspect that is being"Stop,Questioned and Frisk Searched"by an N.Y.

Police Officer of  Law,that may be in violation of it Public Penal Law

Provision or Statute.

Logical instructions of protocol conduct under said circumstances would

Consist of the following customary precautions to secure a Lawful arrest.

(#1.)  To detain the individual in a secured proximity,Inspect His/

Her personal belongings,conduct an Warranted Frisk Search for any

Illegal items deem to be contraband or precisely Weapons.

(#2.) To make an valid assemment report of the complaintant allegation

Of those circumstances,to determine the probative value in nature  &

The weight towards the evidence credibility.That will deem to be in

Favor  of either the complaintant or the suspect being  Questioned.

(#3.) The character  of the  Witness,and the version of the incident

In Question before the Court,via person video,or Audio Corrob-

eration.

## "COUNT TWO: 2"

FAILURE TO ADMINISTER,Due diligence of Due Process by carefully make

Out an assessment. the alibi and credibility of merit of the plaintiff

Who was explaining to the officer his innocence in graphic details.

## "COUNT THREE: 3"

FAILURE TO THOROUGHLY,INVETSIGATE,the nature and severity of the injury

The complaintant was alleging by contacting medical authorities to make

An fair assesment of the facts and circumstances that was being alleged.

## "PREVIOUS LAWSUIT BY PLAINTIFF"

Plaintiff has filed no other lawsuits regarding the current enlisted

Facts and Nature of this claim 13.Civ.03833.

# "STATEMENT OF CLAIM"

#1.) Defendant CARL CAPUTO,excercised an show of deliberate indifference

To plaintiff right to be free from "Illegal Search & Siezure" by

Failing to fully investigate the details of proof of facts  the

Plaintiff was vigorously demostrating with merit to avoid the un-

Reasonable detention.

#2.) Plaintiff,EARL B.FEELINGS,had request that officer Carl Caputo,

Conduct a body frisk search for any of the complaintant personal

Property items that was to have been unlawfully in his possesion

At the time of his arrest. Officer,Carl Caputo, had conducted an

OPen corner street frisk upon the personal body of the plaintiff

"Continuation"

EARL B.FEELINGS,and thereafter ascertaining that No personal property

Belonging to the complaintant was in plaintiff possesion.

#3.) Defendant CARL CAPUTO,further demostrated deliberate indifferences to

Plaintiff EARL B.FEELINGS,by callously refusing to take into  soundful

Consideration the quantum of merits that was being demostrated clear &

Unequivocable evidence of his innnocence. P.O.CARL CAPUTO,stated to his

Colleagues that he wanted the"Callor" regardless of the merit to the

Evidence he wanted the overtime for upcoming holidays.

#4.) The defendant was accurately aware the potential mental pyschological

Effect of arresting and processing the criminal complaint would sure

#4.) Imposed upon the PLaintiff by falsely restricting him of his Natural

Right and due liberty,Will and Freedom he was rightfully entitled to,

Enjoy while he was in free society.  Defendant Carl Caputo, had

Continued to Mock the plaintiff while processing him unlawfully into

The New York City JUdicial system upon the insufficient charges,by

Telling the plaintiff he'll get his justice for violating the asian

Complaintant. And that he needed Money for the upcoming holiday's.

#5.) The defendant made careless efforts to investigate the point of proof

Plaintiff was conveying to proffess his innocence. P.O.Carl Caputo,

Was consciencely aware of the severe and grave endanigerment he was

Subjecting the plaintiff to on November,17th,2009  a  a result of his

Deliberate indifference to the plaintiff right to Due Process and Equal

Protection to the Law.

#6.)   Defendant Carl Caputo subjected the plaintiff to severe mental anguish

ment along with emotional sufferring of anxiety,frightening episode

Of personality mood swings,distrust of uniform personel,while he was

An inmate/Prisoner at Riker's Island notorious hostile enviroment.


#7.)   Defendant Detective Daniel Fahey,subjected the plaintiff to an furhter

Lengthly extention of"False Imprisonment" by filing an subsequent arrest

REport of a Felony statute for"Grand Larceny". Both defendant was well

Aware  of the potential harm and effort they were forcing the plaintiff

Into the evidence of both offense were practically inchoated.and was

Not done in the spirit of good faith,judging from the weight of the case.

"EXHAUSTION OF ADMINISTERED REMEDIES"

Plaintiff pursued complaint of this incident to the New York City

Comptroller Office,which in return is to be the equivelant to an

Formal greivant or greivance. The office received the Notice  of

Intent an was investigated,within the statute of limitations.

"STATEMENT  OF  THE FACTS"

( " ANNEXER - PAGE ")

"STATEMENT OF FACTS"

#1.) ON NOVEMBER 17th, 2009 WHILE IN THE COUNTY OF FLUSHING-QUEENS, NEW YORK

AT APPROXIAMETLY 7:34 p.m. I THE PLAINTIFF, EARL FEELINGS, WAS APPROACHED

ON THE BOULEVARD/STREET OF KISSENNA BLVD BY(3) POLICE OFFICER'S FROM THE

109 th PRECINT WHO HAD LEFT THEIR UNMARKED N.Y.P.D. VEHICLE TO EFFECT THE

ARREST.   P.O. CARL CAPUTO, APPROACH ME AND LEAD THE INUESTIGATION UNIT

BY EFFECTING THE UNLAWFUL ARREST.

#2.) I WAS TOLD BY THESE OFFICERS THAT AN FEMALE ASIAN WOMAN HAD FILED AN REPORT

OR, COMPLAINT THAT I HAD ASSAULTED HER & ATTEMPTED TO STEAL SOME OF HER ITEMS

OF PERSONAL PROPERTY FROM HER PUBLIC VENDOR CONCESSION STAND. AT THAT POINT I

WAS HELD UNTIL THE COMPLAINTIVE HAD ARRIVED WITH THE ESCORTING N.Y.P.D. OFFICERS

TO CONFIRM A POSITIVE IDENTIFICATION, AS SHE ARRIVED IN THE N.Y.P.D. VEHICLE

VAN, SHE HAD SUPPOSEDLY IDENTIFIED ME AS THE ALLEGED SUSPECT OR PERSON THAT

WAS RESPONSIBLE FOR THE ALLEGED ASSAULT & THEFT.

#3.) AS AN RESULT OF THAT ENCOUNTER I WAS PLACED UNDER ARREST, HANDCUFFED & TAKEN

TO THE 109th AREA PRECINT FOR PROCESSING & BOOKING TO APPEAR BEFORE THE

COUNTY CRIMINAL COURT OF QUEENS FOR THE CHARGES OF PETTY LARCENY & ASSAULT.

#3.)    WHILE BEING PROCESSED AT THE 109th PRECINT. I WAS LATER INFORMED BY AN

SUBSEQUENT POLICE OFFICER THAT I WAS WANTED FOR AN ADDITIONAL PENAL LAW

FELONY OFFENSE OF"GRAND LARCENY" FOR POSSESIONOF STOLEN PROPERTY IN THE

4th DEGREE,CLASSIFIED AS A "E-FELONY". P.O.DANIEL FAHEY,PRESENTED THE

ADDITIONAL FELONY COMPLAINT AGAINST PLAINTIFF ON 11/17th,/2009.

#4.)    I WAS ALSO,CHARGED FOR THAT OFFENSE AS WELL AS THE INITIAL CRIMINAL CHARGE

OF PETTY LARCENY ALL ON THE SAME DATE OF ARREST,NOVEMBER,17th,2009.I WAS

**SENT BEFORE A JUDGE** AT THE ARRAIGNMENT IN QUEENS CRIMINAL COURT UPON ALL

THE ALLEGATIONS LISTED HEREIN,A BAIL WAS SET IN THE AMOUNT OF $,35,000,00

(THIRTY FIVE THOUSAND)U.S.DOLLARS. I WAS CONSEQUENTLY HELD AT THE NEW YORK

CITY DEPARTMENT OF CORRECTIONS,RIKER'S ISLAND FOR AN EXTENSIVE PERIOD OF

14½ LONG MONTHS FIGHTING THE CHARGES.

#5.)    ON  JANUARY,14th,2011 THE TRIAL WAS COMMENCED & WAS CONCLUDED ON JANUARY,

20th,2011 IN PART:K-9,BEFORE HON.JUDGE,JOHN B.LATELLA,IN QUEENS SUPREME

COURT. IN WHICH THERE WAS AN PARTIAL VERDICT,BOTH IN FAVOR OF THE DEFENDAN

EARL FEELINGS.

#6.)

THE CASE WAS DECIDED UPON THE GROUNDS OF A PARTIAL VERDICT IN WHICH THE

PRESIDING JUSTICE,LATELLA,AFTER CLOSING ARGUMENTS ELECTED TO DISMISS THE

PRINCIPAL TOP FELONY OFFENSE FOR"GRAND LARCENY" E-FELONY. AND,HAD SUSTAIN

THE REMAINING CHARGES OF"MISDEMEANOR ASSAULT & PETTY LARCENY" TO BE LEFT

FOR THE TRIAL JURY TO DETERMINE & DECIDE. AFTER THE TRIAL JURORS HAD

RETURN BACK TO THE COURTROOM FROM DELIBERATING AFTER 2'½ HOURS THEY HAD

DECIDED A VERDICT OF"NOT GUILTY".

#7.)

THE CASE DISPOSITION RESTS UPON AN SUBSTANTIAL PRIMIE FACIE"DISMISSAL"

AS WELL AS THE OPINION OF THE TRIAL JURY WHICH RULE"NOT GUILTY".ALL ON

THE DATE OF JANUARY,20th,2011 IN THE COUNTY OF QUEENS SUPREME CRIMINAL

COURTHOUSE OF PART:K-9 BEFORE HON.JUSTICE,JOHN B.LATELLA. THAT WAS THE

FINAL RESULTS & DETERMINATION OF THE COMPILATION OF CRIM,INAL OFFENSES

THE DEFENDANT WAS SUBJECTED TO FROM THE DATE OF NOVEMBER.17th,2009.

Rankin v. Evans, 133 F.3d 1425, 1435 (11th Cir. 1998).

Tillman v. Coley, 886 F.2d 317, 321 (11th Cir. 1989) - These two have this quote: "Where it would appear to a 'cautious man' that further investigation is justified before instituting a proceeding, liability may attach for failure to do so, especially where the information is readily obtainable, or where the accused points out the sources of the information."

***Kingsland v. City of Miami, 382 F.3d 1220 (11th Cir. 2004)

Grider v. City of Auburn, 618 F. 3d 1240 (11th Cir. 2010)

Gray v. City of Roswell, 486 Fed.Appx. 798 (11th Cir. 8-13-2012)

Jones v. City of Chicago, 856 F.2d 985 (7th Cir. 1988) -- This is a totally outrageous case that Flint Taylor litigated

Mistretta v. Prokesch, 5 F. Supp. 2d 128, 133 (E.D.N.Y. 1998)

Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995);

Bullard v. City of New York, No. 01 Civ. 11613, 2003 WL 168444, at *4 (S.D.N.Y. Jan. 20, 2003)

Jovanovic v. City of New York, No. 04 Civ. 8437, 2006 U.S. Dist. LEXIS 59165 (S.D.N.Y. Aug. 17, 2006)

"[T]he failure to make a further inquiry when a reasonable person would have done so may be evidence of a lack of probable cause." Lowth v. Town of Cheektowaga, 82 F. 3d 563, 571 (2nd Cir. 1996) cause." See also Bullard v. City of New York, No. 01 Civ. 11613, 2003 WL 168444, at *4 (S.D.N.Y. Jan 20, 2003). (denying a motion to dismiss where the facts as alleged by the plaintiff in his complaint established that the victim was not a reliable source of probable cause, and yet "the defendants did nothing to investigate the allegations, corroborate them, or pursue [the plaintiff's] claims that he was innocent.").

***Wilson v. Russo, 212 F. 3d 781 (3rd cir. 2000), citing Kuehl v. Burtis, 173 F. 3d 646 (8th Cir. 1999)

**Panetta v. Crowley, 460 F. 3d 388 (2nd cir. 2006)**

Gregory v. Louisville, 444 F.3d 726 (6th cir 2006)

Radvansky v. Olmsted Falls, 395 F. 3d 291 (6th Cir. 2005)

Kerman v. New York, 261 f3d 229 (2d cir 2001)

UNITED STATES DISTRICT COURT

## "STATEMENT OF INJURIES"

#1.) AS A RESULT OF THIS INCIDENT. I HAVE NATURALLY EXPERIENCED & SUFFERED

EXTREME MENTAL ANGUISH,ANXIETY ATTACKS,NIGHTMARES REOCCURING,LOSS OF

SLEEP,SEBERE DEPRESSION BOUTS,PARANIOHA WHENEVER ENCOUNTERING UNIFORM,

OFFICERS,HOPELESSNESS TO RECOVER FROM THE PYSCHOLOGICAL PAIN & SUFFERING,

AGONY FROM THE CIRCUMSTANCES ORDEAL,POST TRAUMATIC STRESS & HYPERTENSION

ACTIVE CHARACTERISTICS,WHICH I HAD CONTEMPLATED SUICIDAL THOUGHTS WHILE

BEING SUBJECTED TO THE ARREST & PAINFUL DETENTION.

## "MEDICAL TREATMENT"

#2.)

I WAS SUBJECTED TO MENTALHEALTH SUPERVISION AFTER ATTEMTING TO ACTUALLY

COMMITT SUICIDE IN DECEMBER OF 2009,I WAS PLACED ON ANTI-DEPRESSION &

SLEEPING MEDICATIONS,            ,& CONSISTENT EVALUATION SUPERVISION

BY PYSCHIATRIC SPECIALIST & CORRECTION STAFF TO MONITOR MY BEHAVIOR.

THE PRESCRIBED MEDICINE REFERED WAS "REMROD" & "ZOLOFT".

"RELIEF SOUGHT"

Plaintiff seeks Monetary Damages for said injuries in the sum of

$ 2.5 Million United States Dollars(Two and Half Million Dollars)

As well as Punitive Damages,for the defendant deliberate intent,

The remedy sought herein is to compemsate the plaintiff fairly to

A reasonable judgment for the unjust for which he was wrongly been

Subjected to on the 17th day of November,2009 by the defendant,P.O.

Carl Caputo,of the 109th Precint in Flushing,New York, **And P.O.**

**Daniel Fahey,of the 109th Precint as well.**

I declare under the penalty of Perjury that the fore going is true

And Correct.

Signed this **5th,Day of december,2013**

Plaintiff,
EARL B.FEELINGS,#441-12-11028
A.M.K.C. C-95
18-18 Hazen Street
E.Elmhurst,New York,11370