FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 24 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x
EARL B. FEELINGS,

        Plaintiff,

-against-

P.O. CARL CAPUTO and
DETECTIVE DANIEL FAHEY,

        Defendants.
------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-6485 (CBA)(CLP)

Amon, Chief United States District Judge:

In this action, plaintiff Earl B. Feelings, proceeding pro se, claims that two New York City police officers violated his rights in the course of a criminal investigation against him. The gravamen of Feelings' complaint is that Police Officer Carl Caputo and Detective Daniel Fahey, the defendants in this action, falsely arrested him and improperly initiated a criminal case against him in violation of 42 U.S.C. § 1983 and the equivalent state law torts of false arrest and malicious prosecution.[1] On March 3, 2014, defendants moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (DE #41.)

This Court subsequently referred that motion to Magistrate Judge Cheryl L. Pollak. On September 3, 2014, Magistrate Judge Pollak issued a comprehensive Report and Recommendation ("R&R") finding that Feelings failed to assert his false arrest and state law claims in a timely fashion and further concluding that he failed to plead sufficient facts to support any of his claims. (DE # 48.)

---

[1] Feelings further alleges that defendants violated his rights due to their failure to investigate properly his claims of innocence. That fails to state a separate claim under § 1983. See Blake v. Race, 487 F. Supp. 2d 187, 212 n.18 (E.D.N.Y. 2007) ("[T]he Court finds no independent claim for failure to investigate.") (citing Campbell v. Giuliani, No. 99-CV-2603 (JG), 2000 WL 194815, at *3 n.6 (E.D.N.Y. Feb. 16, 2000)). Accordingly, the R&R properly found that claim should be dismissed.

1

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). No party has objected to the R&R, and the time for doing so has passed.

The Court has reviewed the record and finds no clear error in Magistrate Judge Pollak's recommendation that the Court dismiss with prejudice the false arrest and state law claims as untimely. The R&R also correctly found that the malicious prosecution, deliberate indifference, due process or equal protection claims should be dismissed as insufficiently pled.[2] However, in light of Feelings' status as a pro se plaintiff, the Court will provide him with 30 days from the entry of this Order to file, if he can, an amended complaint that supports those claims.

In order for his amended complaint to survive dismissal, it must provide sufficient facts to render the remaining claims plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Specifically, for the malicious prosecution claim to proceed, Feelings must present facts showing that the grand jury "indictment was the product of fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." Savino v. City of New York, 331 F.3d 63, 73 (2d Cir. 2003); Lacey v. Yates Cnty., No. 12-CV-6100 (EAW), 2014 WL 2930466, at *6-7 (W.D.N.Y. June 27, 2014). And to the extent Feelings continues to assert that he was discriminated against or that officials exhibited deliberate indifference to his medical needs, he

---

[2] In his complaint, Feelings employs the terms "deliberate indifference," "due process" and "equal protection" in describing his claims against the defendants. (See, e.g., Sec. Am. Compl. ¶¶ 16, 19.) However, as Magistrate Judge Pollak correctly found, Feelings failed to allege any facts suggesting that defendants were indifferent to his medical needs or safety, violated his due process rights or discriminated against him. (See R&R at 25.)

2

must specifically identify how he claims to have been wronged—i.e. officers ignored a medical condition or discriminated against him—and then provide facts supporting those allegations.

The amended complaint must be captioned as "Third Amended Complaint," and bear the same docket number as this Order. If Feelings fails to file an amended complaint within the time allowed, the Court will enter judgment against him.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 21, 2015
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge